# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARIANELA SARGENT,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0499** (BOR Appeal No. 2048921)
                    (Claim No. 2012024329)

**COLDWATER CREEK, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marianela Sargent, by J. Thomas Greene Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Coldwater Creek, Inc., by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 21, 2014, in which the Board affirmed a November 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 9, 2013, decision which denied a request to add drug hypersensitivity, memory loss, and type II diabetes to the claim. In its Order, the Office of Judges also affirmed the claims administrator's September 17, 2012, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Sargent, an assistant manager, injured her lumbar spine in the course of her employment while attempting to move a heavy box on January 22, 2012. The claim was held compensable for lumbar strain. P. Kent Thrush, M.D., performed an independent medical evaluation in order to determine the amount of permanent impairment Ms. Sargent sustained. At the time of the evaluation, she stated she was working part-time. She reported a history of left

1

sciatic pain and a pinched nerve in 2009. Dr. Thrush stated that x-rays and MRIs show degenerative changes in the lumbar spine, primarily at L5-S1. He diagnosed lumbar strain superimposed upon pre-existing degenerative arthritis and degenerative disc disease with a small left lateral bulge at L5-S1. The prognosis was good, and he recommended she continue working half days and then progress to full-time work. He recommended one lumbar epidural steroid injection and stated that the lumbar sprain would resolve by August 27, 2012. Based upon Dr. Thrush's report, the claims administrator closed the claim for temporary total disability benefits on September 17, 2012.

On January 9, 2013, the claims administrator denied a request to add drug hypersensitivity, memory loss, and type II diabetes to the claim. Richard Vaglienti, M.D., stated in a brief letter that Ms. Sargent experienced a reaction to a steroid injection used to treat her compensable lumbar injury. The injection caused an increase in blood pressure; an increase in blood sugar; and neurological sensitivity issues such as double vision, headache, and memory loss. In a July 22, 2013, letter, Dr. Vaglieni reiterated that Ms. Sargent had an extreme reaction to an epidural steroid injection. He stated that side effects usually include fluid retention, hyperglycemia, hypertension, and occasional mood swings but are usually temporary. He stated that, for an unknown reason, Ms. Sargent has had persistent symptoms, but the side effects are not classified as a true drug allergy.

Ms. Sargent testified in a deposition on June 14, 2013. She stated that after she received a steroid injection for her compensable injury, her blood pressure immediately rose. She asserted that the injection caused drug hypersensitivity, but she admitted that she cannot point to a particular drug to which she is hypersensitive. She stated that she experiences memory problems every day and is very forgetful. She asserted that Drs. Vaglienti and Lindsay Weglinski, M.D., both opined that her type II diabetes resulted from the steroid injection given to treat her compensable injury. She also asserted that Dr. Vaglienti related her memory issues and drug hypersensitivity to the steroid injection. After the injection, she developed nausea, extreme thirst, and frequent urination, all of which are signs of diabetes. Ms. Sargent reported that she returned to work on a part-time basis in June of 2012 and to full-time work in July of 2012. She worked full-time until she was let go on December 17, 2012. Ms. Sargent testified that she has a benign calcified tumor in the upper right corner of her brain, but it is stable. She also stated that she previously underwent a series of injections in her spine to treat sciatica.

ChuanFang Jin, M.D., performed an independent medical evaluation on June 18, 2012, in which she opined that Ms. Sargent's clinical presentation, allegedly due to a steroid injection, is not consistent with drug hypersensitivity. She reported memory loss, loss of high frequency hearing, hair loss and brittleness, eyebrow loss, and gum irritation. Dr. Jin found that her response does not fit into any classical allergic reaction scenario. It was noted that she had previously received steroids, including injections, and had no adverse reaction. Dr. Jin stated that corticosteroids can cause side effects; however, a one time, high dose of steroids is unlikely to cause persistent problems like Ms. Sargent experiences. A reaction to the medication would be transient or temporary. Dr. Jin found that Ms. Sargent was diagnosed with type II diabetes, a primary diagnosis, not secondary hyperglycemia as a result of the steroid side effects. Dr. Jin opined that there is no medical possibility that memory loss would result from a one-time steroid

2

injection. She found that Ms. Sargent most likely sustained a lumbar sprain/strain as a result of her compensable injury. She has reached maximum medical improvement and has sustained 5% impairment. Dr. Jin noted that Ms. Sargent has a pre-existing aneurysm and a small tumor in her brain. She declined to state whether the memory loss is the result of one of those conditions but asserted that it is most certainly not the result of a one-time steroid injection. It was noted that Ms. Sargent is obese and has a family history of type II diabetes.

The Office of Judges affirmed the claims administrator's decisions in its November 1, 2013, Order. It found that the effects of corticosteroids have been known to cause an increase in blood pressure; however, it is only temporary and subsides. As Dr. Jin noted, the steroid was mostly absorbed into the muscle area as Ms. Sargent admitted that it produced significant relief of her symptoms for approximately two months. Dr. Jin further stated that even if it had been absorbed entirely into the bloodstream, such a small dose would not have produced the continued symptoms. The Office of Judges found that diabetes has been associated with corticosteroids, but only after long-term use. Ms. Sargent had a series of injections in 2006 and sustained no negative reaction. The Office of Judges also determined that the complaints of memory loss, loss of high frequency hearing, hair loss and brittleness, eyebrow loss, and gum irritation cannot be associated with a one-time steroid injection. The Office of Judges therefore held that a preponderance of the evidence does not support the addition of the requested diagnoses to the claim.

In regard to the claims administrator's decision closing the claim for temporary total disability benefits, the Office of Judges found that benefits are suspended when the claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work. West Virginia Code § 23-4-7a (2005). The record shows that Ms. Sargent returned to work at full duty on August 28, 2012, and continued to work until December 17, 2012. She ceased work at that time due to complaints and conditions that have been found to be non-compensable. The Office of Judges held that she is therefore not entitled to further temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 21, 2014.

On appeal, Ms. Sargent argues that the temporary total disability benefits closure relied on Dr. Thrush's report, which stated that she could return to work six weeks after his evaluation. Ms. Sargent asserts that he was not in a position to assess her ability to return to work six weeks after he examined her. She stated that she was not released to return to work, and his opinion was speculative. She further argues that the additional requested diagnoses arose from a reaction to an epidural steroid injection given to treat the compensable injury, and the consequences of that injection should be held compensable. Coldwater Creek, Inc., asserts that Ms. Sargent returned to work before the claim was closed for temporary total disability benefits, and the benefits were therefore properly suspended. It argues that the only medical evidence introduced to support the addition of the conditions were two brief letters by Dr. Vaglienti in which he failed to specify why her symptoms persisted.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The claim was properly closed for temporary total disability benefits after

Ms. Sargent was found to be at maximum medical improvement and returned to work as provided in West Virginia Code § 23-4-7a. Further, Ms. Sargent has failed to meet her burden of proof to show that the requested additional diagnoses are casually connected to her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Robin J. Davis, disqualified

4